IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON BRAUN, JIM CUMMINS and STEPHANIE CARTER on behalf of herself and all others similarly situated,<br><br>vs.<br><br>PHILADELPHIA INQUIRER, LLC. | :<br>:<br>:  No. 22-cv-4185-JMY<br>:<br>:<br>:<br>:<br>: |

**ORDER**

AND NOW, this 20th day of January, 2023, upon consideration of the dueling motions to appoint interim class counsel[1] submitted by Counsel on behalf of their respective clients, it is hereby **ORDERED** that:

(1) the *Motion to Appoint Spector Roseman & Kodoff (SRK) and Goldberg Schneider, LPA (GS), as Interim Class Counsel* filed by Plaintiff Stephanie Carter (ECF No. 22) is **GRANTED**; and

(2) the *Motion to Appoint Bursor & Fisher, P.A. (Bursor), Milberg Coleman Bryson Phillips Grossman, PLLC (Milberg), and Girard Sharp, LLP (Girard) as Interim Class Counsel* filed by Jason Braun and Jim Cummings is **DENIED**.[2]  (ECF No. 23.)

IT IS SO ORDERED.

BY THE COURT:

  /s/ John Milton Younge
Judge John Milton Younge

---

[1] Although Fed. R. Civ. P. 23(g)(1) provides that a court must appoint class counsel before certifying a class action, Fed. R. Civ. P. 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).  Therefore, the decision to appoint interim class counsel is discretionary.  When exercising its discretion and deciding who is best suited to represent the putative class, key factors for the Court to consider are: "(1) the work

proposed interim lead counsel has performed in identifying or investigating the potential claims; (2) counsel's experience with claims of the type asserted in the action; (3) counsel's knowledge of applicable law; and (4) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv); *see also Milkboy Center City LLC v. Cincinnati Casualty Co.*, 2020 WL 7633975, at *3 (E.D. Pa. Dec. 22, 2020) ("The factors enumerated in Rule 23(g)(1), governing the appointment of class counsel, also apply to the appointment of interim class counsel."). The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed R. Civ. P. 23(g)(1)(B).

[2] Having reviewed the competing counsel groups' respective submissions and all of the briefing related this matter, the Court appoints Counsel from SRK & GS as interim class counsel. Counsel from all of the law firms involved in this matter have demonstrated work done in investigating potential claims, relevant experience and knowledge, and adequate resources to represent the class. In deciding to appoint SRK & GS as interim class counsel, the Court looks at SRK's presence in the local Philadelphia region and, in particular, experience litigating claims in the Eastern District of Pennsylvania.

In preparing and filing the Complaints on behalf of their clients, the law firms involved in this litigation conducted a detailed investigation and analysis of Meta Pexil advertising software which is allegedly embedded into Defendant's website to siphon off video content watched by digital subscribers on Inquirer.com. (Motion to Appoint SRK & GS as Interim Class Counsel page 3; Motion to Appoint Bursor, Milberg and Girard as Interim Class Counsel page 5-8.) Each of the firms demonstrate extensive experience in handling class action litigation. (*See* SRK Firm Biography, Motion to Appoint SRK & GS as Interim Class Counsel, Ex. A, ECF. No. 22-1; GS Firm Biography, Motion to Appoint SRK & GS as Interim Class Counsel, Ex. B, ECF No. 22-2; Declaration of Adam E. Polk, Motion to Appoint Bursor, Milberg and Girard as Interim Class Counsel, Ex. 1, ECF No. 23-1; Declaration of Philip L. Fraietta, Motion to Appoint Bursor, Milberg and Girard as Interim Class Counsel, Ex. 2, ECF No. 23-2; Declaration of Gary M. Klinger, Motion to Appoint Bursor, Milberg and Girard as Interim Class Counsel, Ex. 3, ECF No. 23-3.) Both groups of Counsel and their respective law firms have shown that they possess in-depth knowledge of the applicable laws and have experience handling claims of the type asserted. (*Id.*) Both groups of Counsel also have the resources to effectively represent the putative class at the preliminary stage of the litigation. (Motion to Appoint SRK & GS as Interim Class Counsel page 7-8; Motion to Appoint Bursor, Milberg and Girard as Interim Class Counsel page 9-10.)

After evaluating the relevant factors and assessing the qualifications of Counsel, the Court finds that all Counsel and the law firms with which they are associated have met the first four factors outlined in Fed. R. Civ. P. 23(g). However, they have filed cross-motions to be appointed interim class counsel which suggest that a conflict has arisen and that they are unable to cooperate in the initial phases of this litigation. Therefore, the Court is being asked to choose between the competing attorneys and their law firms – to decide which attorneys are best suited to serve as interim class counsel.

Fed. R. Civ. P. 23(g)(1)(B) explicitly permits the Court to "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." The *Manual for Complex Litigation (Fourth)* § 10.221 (2004) states that one of the most important factors in organizing counsel "is achieving efficiency and economy without jeopardizing fairness to the parties." With an eye towards efficiency and economy, the Court considers SRK's local

presence determinative in this dispute.  (Motion to Appoint SRK & GS as Interim Class Counsel page 8-9.)  SRK's experience litigating cases in the Eastern District of Pennsylvania is unparalleled among the applicants.  (*Id.*)  SRK has been located in Philadelphia since 1986 when it was established, and it avers to have served as sole or co-lead counsel in multiple class action cases over the last thirty years.  (*Id.*)  SRK's presence in Philadelphia is also persuasive given the innately local nature of this litigation which is being brought against one of the main news media outlets in the Philadelphia region.  Residents in the Philadelphia region depend on Defendant for local news.  Finally, the Court would like to highlight the averment made by SRK & GS that they offered to work jointly and cooperatively with competing Counsel to prosecute this litigation by selecting lead counsel from the competing law firms to oversee litigation and strategy.  (Response in Support of Application for Appointment of Interim Class Counsel page 2, ECF No. 25.)  SRK & GS further aver that their offer to work jointly and cooperatively was rejected by competing Counsel at Bursor, Milberg and Girard.

       The Court will revisit the issue of appointment of putative class counsel when, and if, it addresses any potential motion for class certification.