THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON BRAUN and STEPHANIE CARTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE PHILADELPHIA INQUIRER, LLC,<br><br>Defendant. | Case No. 2:22-cv-04185-JMY<br><br>CONSOLIDATED ACTION |

**ORDER GRANTING PLAINTIFFS' MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Upon review and consideration of the Class Action Settlement between Plaintiffs and The Philadelphia Inquirer, LLC ("Defendant"), Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Memorandum of Law in Support thereof, and the supporting declaration of John A. Macoretta and exhibits thereto, **IT IS HEREBY ORDERED** that said motion is **GRANTED** as follows:

1

## Jurisdiction

1. This Court has subject matter jurisdiction over this Action and has personal jurisdiction over each of the Parties.

## Certification of the Settlement Class

2. The Court certifies the Settlement Class and makes the following determinations as required by Federal Rule of Civil Procedure ("Rule") 23 solely in connection with the proposed Settlement:

3. Pursuant to Rule 23 (c)(1)(B), the Settlement Class is defined as follows:

"Settlement Class" is defined as: the approximately 180,000 individuals identified on the "Settlement Class List" generated by Defendant who established a digital subscription account with Defendant at any time from October 1, 2019 until January 16, 2024 and used Facebook during that time.

The following persons or entities are excluded from the Class: (i) the Judge presiding over this Action; (ii) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (iii) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out deadline.

4. Pursuant to Rule 23 (a)(1), the Court determines that the Settlement Class is so numerous that joinder of all members is impracticable. Defendant has identified approximately 180,000 individuals who established a digital subscription account with Inquirer.com during the Class Period. This is sufficient to establish numerosity and to establish the impracticality of joinder requirement of Rule 23 (a)(1).

5. Pursuant to Rule 23 (c)(1)(B), the Court determines that the Class presents the following common, class-wide questions:

(a) whether Defendant knowingly disclosed Class Members' Personal Viewing Information to Meta;

(b) whether the information disclosed to Meta concerning Class Members' Personal Viewing Information constitutes personally identifiable information under the Video Protection Privacy Act ("VPPA"), 18 U.S.C. § 2710;

(c) whether Class Members consented to Defendant's disclosure of their Personal Viewing Information to Facebook in the manner required by the VPPA;

(d) whether Defendant intentionally intercepted or procured another person to intercept Class Members' electronic communications in violation of the Pennsylvania Wiretap Act ("PA Wiretap Act"), 18 Pa. C.S. § 5701;

(e) whether Defendant intentionally disclosed the contents of Class members' electronic communications;

(f) whether Defendant intentionally used the contents of Class Members' electronic communications; and

(g) whether the Class is entitled to damages and other relief as a result of Defendant's conduct.

6. The Court determines that the above class-wide issues relating to the claims and/or defenses are questions of law or fact common to the Class that satisfy Rule 23 (a)(2).

7. Jason Braun and Stephanie Carter are hereby appointed as representatives of the Class for the following reasons:

(a) The Plaintiffs allege, on behalf of the Class, the same manner of injury from the same course of conduct of which they complain themselves and assert on their own behalf the same legal theories they assert for the Class as a whole. The Court therefore determines that, for purposes of the Class, the Plaintiffs' claims are typical of the claims of the proposed Class within the meaning of Rule 23 (a)(3); and

(b) Pursuant to Rule 23(a)(4), the Court determines that the Plaintiffs have and will continue to fairly and adequately protect the interests of the Class. The Plaintiffs' interests do not conflict with the interests of absent members of the Class. All the members of the Class share a common interest in proving Defendant's alleged violations of the VPPA and PA Wiretap Act, and all Class members share a common interest in recovering damages from Defendant. Moreover, any member of the Class that wishes to opt out will be given an opportunity to do so. Furthermore, the Plaintiffs and their Counsel are well

qualified to represent the Class in this case, given their experience in prior cases, and the vigor with which they have prosecuted this action thus far.

8. Pursuant to Rule 23 (b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members of the Class. The issues in this action are subject to generalized proof, and thus are applicable to the Class as a whole, and predominate over those issues that are subject only to individualized proof. *See In re NFL Players Concussion Injury Litig.*, 821 F.3d 410 (3d Cir. 2016); *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 304, n. 29 (3d Cir. 2011) (*en banc*).

9. Also pursuant to Rule 23 (b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Class in a single action. The Court also believes that there are few manageability problems presented by a case such as this, particularly in light of the Settlement preliminarily approved in this Order.

10. Pursuant to Rules 23 (c)(l)(B) and 23(g), the Court, having considered the factors provided in Rule 23(g)(1)(A), appoints Interim Co-Lead Counsel, Spector Roseman & Kodroff and Goldenberg Schneider LPA, Co-Lead Counsel for the Class.

**Preliminary Approval of the Proposed Settlement**

11. At the preliminary approval stage, the court may direct notice to the class members if such notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal. Fed. R. Civ. P. 23(e)(1)(B). The relevant Rule 23(e)(2) factors are whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

4

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;
(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
(iii) the terms of any proposed award of attorney's fees, including timing of payment; and
(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(3).

12. The Court finds that Class Counsel have adequately represented the class. The settlement negotiations were conducted for Plaintiffs by counsel with extensive experience in litigating lawsuits of this specific type, class actions generally, and other complex cases. The vast experience of Class Counsel in litigating similar cases, while not dispositive, suggests the Settlement is fair. *Fisher Bros. v. Phelps Dodge Indus., Inc.*, 604 F. Supp. 446, 452 (E.D. Pa. 1985) ("[T]he professional judgment of counsel involved in the litigation is entitled to significant weight."). Additionally, the Court finds that Class Representatives Braun and Carter have adequately represented the class, attending and participating in the formal mediation session with Judge Moore-Wells, showing their zealous pursuit of their claims for the benefit of the Class.

13. The Court finds that the proposed Settlement is the result of arm's-length negotiations. The Parties participated in a mediation before Magistrate Judge Moore-Wells and conducted non-collusive, good faith efforts to resolve the case before further motion practice, trial, and ensuing appeals. *Bellum v. L. Offs. of Frederic I. Weinberg & Assocs., P.C.*, No. CV 15-2460, 2016 WL 4766079, at *6 (E.D. Pa. Sept. 13, 2016) ("[T]he participation of an independent mediator in settlement negotiations virtually [e]nsures that the negotiations were conducted at arm's length and without collusion between the parties.") (internal citations omitted).

14. The court finds that the relief provided for the class is adequate. The proposed Settlement – which includes the creation of a Settlement Fund of $1,125,000 to be paid by Defendant and business practice revisions relating to Defendant's use of the Meta Pixel, in exchange for, *inter alia*, dismissal of the litigation between the Plaintiffs and Defendant with prejudice and the release of certain claims filed or that could have been filed against Defendant by Plaintiffs and the Class as set forth in the Settlement Agreement—falls within the range of likely approvable settlements. Class Members will be in a position to receive substantial relief that would have been difficult to obtain had the case gone to trial, and the amount of damages allowed by statute when compared to the time and expense required to undertake litigation, would likely have dissuaded Class Members from pursuing individual relief. Further motion practice, a trial, and appeals would have added more time and expense, as well as uncertainty. In contrast, the Proposed Settlement provides certain and substantial recovery to Class Members. The Court therefore hereby preliminarily approves the Proposed Settlement, subject to further consideration at the Fairness Hearing provided for below.

## **Approval of the Plan of Notice to the Class**

15. The Court appoints Angeion Group to serve as Settlement Administrator, to administer the Settlement Fund at a financial institution agreed upon by Class Counsel and Defendant, and to assist Class Counsel in disseminating the Notice. All expenses incurred by the Settlement Administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Class Settlement Fund.

16. The proposed form and manner of notice to members of the Settlement Class set forth in the Weisbrot Declaration, *see* Macoretta Decl., Exhibit C, along with the proposed methods of dissemination of notice described therein, satisfy the requirements of Rule 23(e) and due process,

are otherwise fair and reasonable, and therefore are approved. Class Counsel and the Settlement Administrator shall cause notice via email or first-class mail to those members of the Class who can be identified with reasonable effort, and by publication in print media and digital media placements.

17. The Settlement Administrator shall provide Notice as set forth in the Weisbrot Declaration, *see* Macoretta Decl., Exhibit C before the Notice Deadline, which is no later than thirty (30) days after receipt by the Settlement Administrator of the Settlement Class List.

18. The Settlement Administrator shall provide copies of all Requests for Exclusion to Class Counsel and Counsel for Defendant as those are received and Class Counsel shall file those Requests for Exclusion in connection with its Motion for Final Approval.

19. Defendant, with the assistance of the Settlement Administrator, shall comply with the obligation to give notice under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1711 *et seq.*

20. A hearing on final approval (the "Fairness Hearing") shall be held before this Court at 10:00 p.m. Eastern Time on Wednesday, March 26, 2025, at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne Courthouse, 601 Market Street, Philadelphia, P.A. 19106. At the Fairness Hearing, the Court will consider, *inter alia*: (a) the fairness, reasonableness, and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed Plan of Allocation of the Settlement Fund among members of the Class; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (d) whether incentive awards should be awarded to the Plaintiffs; and (e) whether entry of a Final Order and Judgment terminating the litigation between Plaintiffs and Defendant should be entered. The Fairness Hearing may be rescheduled or continued; in that event, the Court will furnish all counsel with appropriate notice.

Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting a conspicuous notice on the following website of the Settlement Administrator: InquirerClassActionSettlement.com.

21. Class Members who wish to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Email Notice and Settlement Website.  Any such Request for Exclusion must be received by the Settlement Administrator no more than 45 days after the Notice Deadline. To be valid, the Request for Exclusion must: (a) identify the full name of the proceeding; (b) identify the full name and current address of the Class member to be excluded; (c) be personally signed by the Class Member requesting exclusion; (d) and contain the words "Request for Exclusion" or a comparable statement that indicates a desire to be excluded from the Class. Class members shall not be permitted to exclude other Class members.  Moreover, group or class-wide exclusions shall not be permitted.

22. All briefs and materials in support of the application for an award of attorneys' fees and reimbursement of expenses, and incentive awards for the Named Plaintiffs, shall be filed with the Court at least thirty (30) days before the Opt-Out and Objection deadline, which is forty-five (45) days after the Notice Deadline.

23. All briefs and materials in support of the final approval of the Settlement and the entry of Final Order and Judgment proposed by the parties to the Settlement Agreement shall be filed with the Court within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline, and in any event, at least 90 days after the Settlement Administrator notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action fairness Act of 2005, 28 U.S.C. § 1715.

24. Class members who wish to (a) object with respect to the proposed Settlement and/or (b) wish to appear in person at the Fairness Hearing, must first file an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefor together with copies of any supporting papers or briefs. Class members who are objecting must also send a copy of their Objection via first class mail, postage prepaid, to the following counsel:

> Spector Roseman & Kodroff, P.C.
> Attn: Braun v. The Philadelphia Inquirer Objections
> 2001 Market Street
> Suite 3420
> Philadelphia, PA 19103
> jmacoretta@srkattorneys.com

25. To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be filed with the Court, and must be received by counsel above, no later than forty-five (45) days after the Notice Deadline. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

26. Objections must include the following information: (i) the name of the proceedings; (ii) the objector's full name, current mailing address, email address, an telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) the identity of any attorneys representing the objector; (v) a statement regarding whether the objector (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a

statement identifying all class action settlements objected to by the objector in the previous 5 years; and (vii) the signature of the objector or the objector's attorney.

27. Completed claim forms must be received by the Settlement Administrator within forty-five (45) days after the Notice Deadline, along with any documentation required by the Settlement Administrator to process the claim form.

28. Supplemental filings by counsel in support of the Settlement Agreement shall be filed no later than five (5) days before the Final Approval Hearing.

29. All proceedings in the action between the Plaintiffs and Defendant are hereby STAYED until such time as the Court renders a final decision regarding the approval of the Settlement and, if the Court approves the Settlement, until the Court enters a Final Order and Judgment and dismisses this action with prejudice.

30. Neither this Order, nor the Settlement Agreement, nor any other document related to the Settlement, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other document related to the Settlement, shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by Defendant regarding the validity of any claim that has been or could have been asserted by Plaintiffs against Defendant, or regarding any liability by Defendant concerning any matter set forth in this Order, or regarding whether the class, in this case or others, may be certified for purposes of litigation and trial.

**Dated: August 5, 2024**                                              **SO ORDERED**

                                                          /s/ John Milton Younge
                                                     Honorable John M. Younge
                                                     United States District Judge