IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON BRAUN and STEPHANIE CARTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE PHILADELPHIA INQUIRER, LLC,<br><br>Defendant. | Case No.: 2:22-cv-04185-JMY<br><br>CONSOLIDATED ACTION |

**ORDER CERTIFYING THE SETTLEMENT CLASS; GRANTING FINAL APPROVAL OF THE SETTLEMENT; AND GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF REASONABLE LITIGATION EXPENSES, AND SERVICE AWARDS**

This matter is before the Court on Plaintiffs' *Motion for Final Approval of the Class Action Settlement and Fee Petition and Memorandum* (ECF No. 71), and Plaintiffs' *Motion for Attorneys' Fees, Reimbursement of Reasonable Litigation Expenses, and Service Awards for Class Representatives*. (ECF No. 70.) Plaintiffs Jason Braun and Stephanie Carter ("Plaintiffs"), individually and on behalf of the proposed Settlement Class, and Defendant The Philadelphia Inquirer, LLC ("Defendant") have entered into a Settlement Agreement concerning the above-

captioned litigation ("Settlement"), which, together with its exhibits, is incorporated here by reference.

In their Motions, Plaintiffs have asked this Court to: (1) certify the Settlement Class for purposes of entering judgment on the Settlement under Federal Rule of Civil Procedure 23(e); (2) grant final approval to the Settlement as fair, reasonable, and adequate; (3) grant their *Motion for Attorneys' Fees, Reasonable Litigation Expenses, and Service Awards for Class Representatives*. Having considered the Motions, the supporting memoranda of law and declarations, and the Settlement along with all exhibits and attachments thereto, and having conducted a Final Fairness Hearing on March 26, 2025, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Unless otherwise defined, all terms capitalized herein shall have the same meaning as in the Settlement.

2. This Court has jurisdiction over this litigation, Plaintiff Jason Braun, Plaintiff Stephanie Carter ("Plaintiffs"), the Settlement Class members, and Defendant The Philadelphia Inquirer, LLC ("Defendant").

3. The Court finally and unconditionally grants approval of the Settlement, including but not limited to the Settlement benefits, the Releases therein, and the procedures for distribution of payments from the Settlement Fund to Settlement Class members who filed approved Claims.

4. All Settlement Class members who have not timely excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment. This Final Approval Order shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect on all causes of action, claims for relief, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the litigation and shall permanently bar Plaintiffs and all

Settlement Class member who did not timely exclude themselves from the Settlement Class from bringing or participating in any action against Defendant asserting any of the Released Claims, as provided in the Settlement.

## FINAL APPROVAL OF THE SETTLEMENT

5.      On June 6, 2024, Plaintiffs filed an Unopposed *Motion for Preliminary Approval of the Class Action Settlement*. (ECF No. 62.) This Court granted the Motion on August 6, 2024, concluding that it would likely approve the Settlement as fair, reasonable, and adequate, and certify the Settlement Class for purposes of final judgment, and directed that notice be disseminated to the Settlement Class. (ECF No. 63.) In addition, for purposes of issuing notice of the Settlement, the Court appointed Spector Roseman & Kodroff, P.C., and Goldenberg Schneider L.P.A. as Co-Lead Class Counsel pursuant to Rule 23(g)(3). (*Id.* ¶ 10.) The Court named Angeion Group ("Angeion") to serve as the Settlement Administrator and to execute the Notice plan set forth in the Settlement. (*Id.*, ¶ 15.) The Court grants final approval to Angeion as Settlement Administrator.

6.      Plaintiffs have summarized the relevant terms of the Settlement as follows:

   a.   The Settlement creates a Settlement Fund of $1,120,000 to be paid by Defendant.

   b.   Class Members can file claims for *pro rata* payments from the Net Settlement Fund.

   c.   Defendant agrees to suspend operation of the Facebook or Meta Pixel on any pages on its website that track video content and have a URL that identifies the video content viewed or disclose the use of such pixels in a manner that conforms with VPPA and PA Wiretap Act requirements.

7.      The Settlement provided a straightforward method for Settlement Class members to submit claims for payment and set forth a process for notifying the Settlement Class, obtaining final approval of the Settlement, and administering the Settlement.

8.     Pursuant to the Preliminary Approval Order, and in accordance with the terms of the Settlement, Angeion issued notice of the Settlement and its benefits, including notice of the Final Approval Hearing, to the Settlement Class members. The Court finds that the notice provided to Settlement Class members was the best notice practicable under the circumstances and that it complied with requirements of Rule 23(c)(2).

## The Settlement Class is Certified

9.     The Court certifies the Settlement Class for purposes of judgment on the Settlement under Rule 23 because:

  a. The Settlement Class is sufficiently numerous as it contains more than 180,000 members and joinder of all such individuals would be impracticable;

  b. There are questions of law and fact that are common to the Settlement Class, including whether Defendant knowingly disclosed Class Members' personal viewing information to Meta, whether Defendant gave sufficient notice to Class Members of such disclosure, and whether the information Defendant disclosed constitutes "personally identifiable information" under the VPPA;

  c. The claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of the Settlement, as they involve the same allegations and seek to remedy the same injury;

  d. Plaintiff and Class Counsel are adequate representatives of the Settlement Class, as Class Counsel are experienced and qualified, and Plaintiffs have no conflicts of interest with the Settlement Class;

  e. The common questions of law and fact predominate over any questions affecting individual Settlement Class members; and

  f. A class action is superior to other available means of adjudicating the dispute, as it is the most efficient and effective means of resolving the claims of Settlement Class members.

10.    The Court thus certifies for settlement purposes only the following Settlement Class:

The approximately 180,000 individuals identified on the Settlement Class List generated by Defendant who established a digital subscription account with Defendant at any time from October 1, 2019 until January 16, 2024 and used Facebook during that time.

Excluded from the Settlement Class are: (i) the Judge presiding over this Action; (ii) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (iii) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out deadline.

11. All members of the Settlement Class are bound by the terms of the Settlement, including the Releases as outlined in the Settlement, upon entry of the Final Judgment in this Action.

12. Class Representatives and all Settlement Class members are hereby deemed to have released, acquitted, and forever discharged Defendant from any and all Released Claims as defined in the Settlement.

## Notice to the Class Was Appropriate.

13. In accordance with the Notice Plan preliminarily approved by the Court, the Settlement Class was directly notified of the Settlement by email and/or U.S. Mail. Class Members were able to submit claims electronically via the Settlement Website or by U.S. Mail.

## The Settlement is Fair, Reasonable, and Adequate.

14. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court first considers the fairness, reasonableness, and adequacy of the Settlement. There have been no objections to the Settlement, and only four (4) Settlement Class members have requested to be excluded from the Settlement. The favorable response of the Settlement Class to the Settlement is an indication of its fairness.

15. The Court also finds that the Class Representatives and Class Counsel have adequately represented the Class. Class Counsel are highly experienced in complex class actions and data privacy litigation and devoted considerable time and effort representing the interests of the Class through all stages of the litigation. Class Representatives also worked on behalf of the Class, and their interests align with those of the Class. Accordingly, this Court finally appoints Spector Roseman & Kodroff, P.C. and Goldenberg Schneider L.P.A. as Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g)(1). The Court also finally appoints Jason Braun and Stephanie Carter as Class Representatives.

16. Next, the Court finds that the Settlement is the result of arm's length, non-collusive negotiations between the Parties. The Parties litigated this case for well over a year before reaching the Settlement. They engaged in formal mediation before Magistrate Judge Wells and continued negotiating the details of the Settlement for several months thereafter, which further supports the finding that the Settlement was the product of arm's length negotiations.

17. Moreover, the relief the Settlement provides to the Class is adequate. The Settlement takes into account the risks of continuing this litigation and offers Settlement Class members both the monetary benefit of payment from the Settlement Fund as well as the non-monetary benefit of increased privacy protections when using Defendant's website. Additionally, the fact that there have been no objections to the Settlement and only four (4) opt-outs further supports the adequacy of the relief provided by the Settlement to the Settlement Class.

18. The Settlement treats all Settlement Class members equitably relatively to each other. Settlement Class members who submitted timely and valid claims will receive pro rata payments from the Settlement Fund. Defendant's agreement to suspend operation of the Meta

Pixel on any of the pages of its website or app that track video content and have a URL that identifies the video content viewed will benefit all Class members equally.

### APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND SERVICE AWARDS

19. On November 21, 2024, the Court entered an Amended Order Granting Plaintiffs' *Motion for Preliminary Approval of the Class Settlement*. (ECF No. 69) ("Amended Preliminary Approval Order").

20. The Amended Preliminary Approval Order set new deadlines for Class Counsel to file the motion for attorneys' fees and the motion for final approval of the Settlement. (*Id*. ¶¶ 22, 23.)

21. On November 22, 2024, Class Counsel submitted an unopposed *Motion for (a) An Award of Attorneys' Fees, (b) Reimbursement of Litigation Expenses, and (c) Service Awards for the Class Representatives* ("Fee Petition") (ECF No. 70.). Notice of the Fee Petition was properly given to Settlement Class members, as it was posted on the Settlement Website. No Settlement Class member has objected to the Fee Petition.

22. Upon consideration of Class Counsel's Fee Petition, this Court approves Class Counsel's request for $374,962.25 in attorneys' fees, as agreed between the Parties in the Settlement.

23. Class Counsel's requested attorneys' fees represent one-third (1/3) of the Settlement Fund of $1.125 million. The Court finds that this amount is reasonable after considering the factors set forth by the Third Circuit in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000) and *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998):

a. The requested fee is reasonable in relation to the overall value the Settlement offers to the Settlement Class. In addition to a Settlement Fund of $1.125 million, the Settlement also provides additional benefits to the Settlement Class in the form of business practice revisions under which Defendant will either cease using the Meta Pixel on any of its website pages that track video content or will disclose the use of such pixel in a manner that conforms with VPPA and PA Wiretap Act requirements. This type of non-monetary relief to the Settlement Class is innovative and provides a valuable prospective privacy protection.

b. The requested attorneys' fees are equal to one-third of the Settlement Fund, which is well within the range of private contingency fee percentages negotiated by plaintiffs' counsel.

c. There have been no objections to the Settlement or the Fee Petition.

d. The requested fees are also reasonable in light of the quality of Class Counsel's representation of the Settlement Class. Class Counsel spent over 705 hours litigating this action, including developing the case, briefing and defeating Defendant's motion to dismiss, negotiating an ESI protocol and protective order, conducting discovery, and negotiating the Settlement. Class Counsel's significant expertise litigating complex class actions and data privacy cases and the favorable results obtained for the Settlement Class justify the requested fee award.

e. The magnitude and complexities of the litigation justify the requested attorneys' fees. This is a technically complex data privacy case involving novel applications of the VPPA and PA Wiretap Act. Defendant vigorously opposed Plaintiffs' claims, and while Plaintiffs defeated the motion to dismiss, they faced a significant risk of non-payment if they continued to litigate the case and lost a motion for class certification or dispositive motions.

f. The requested attorneys' fees are comparable to fees awarded in other settlements of VPPA cases.

24. A cross-check of Class Counsel's lodestar confirms the reasonableness of the fee request. Class Counsel's hourly rates are reasonable based on the experience, location, and position. They have spent over 705 hours litigating the case, which includes investigation of claims, drafting the complaint, opposing Defendant's motion to dismiss, drafting discovery requests and responding to Defendant's discovery, negotiating the Settlement with Defendant and working with Magistrate Judge Moore Wells, preparing Settlement notices and responding to

Settlement Class members' communications about the Settlement, and drafting the motion for preliminary approval. Class Counsel's requested attorneys' fees of $374,962.25 represent a negative multiplier of 0.0667 of the total lodestar of $562,088.25 which is well within the range of acceptable multipliers in the Third Circuit.

25. This Court also approves Class Counsel's request for the reimbursement of reasonable litigation expenses in the amount of $15,000.00 to be paid from the Settlement Fund. The amount Class Counsel requests is well below their actual expenses of $26,612.94 and is therefore reasonable.

26. This Court also approves service awards of $5,000.00 each for Class Representatives Jason Braun and Stephanie Carter to be paid from the Settlement Fund. Class Representatives were active participants in the case from its inception through achieving Settlement and should be compensated for the benefits they conferred on the Class as a whole.

**IT IS SO ORDERED.**

Entered this 6th day of May, 2025

                                                        /s/ Judge John Milton Younge
                                                       Honorable John M. Younge
                                                       United States District Judge